UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Amanda S. Harriman,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-6548

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Magistrate Judge Vascura issued a Report and Recommendation ("R&R") in this social security case recommending the Court overrule Amanda Harriman's ("Plaintiff") Statement of Errors and affirm the Commissioner of Social Security's ("Commissioner") decision. R&R, ECF No. 24. Plaintiff timely objected. Obj., ECF No. 25.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to. Fed. R. Civ. P. 72(b).

Plaintiff argues on objection that the Administrative Law Judge ("ALJ") erred by including in the residual functional capacity ("RFC") that Plaintiff required the use of a cane to ambulate but failing to require the additional use of a rollator walker. Obj. 2, ECF No. 25. On de novo review, the Undersigned disagrees.

Plaintiff alleges disability since February 1, 2015. R. at 1057. As the R&R explains, objective examinations in 2015 showed Plaintiff exhibited normal gait. R. 740, 744. In 2016, examination notes reflected Plaintiff had a normal gait and did not need assistance transitioning on and off the examination table. R. at 904, 907. A few months later, Plaintiff still had a normal gait but used a cane for stability when walking. R. at 922, 924. Although Plaintiff requested a rollator walker in March 2017, Plaintiff had a normal gait then and a month later, even after falling. R. at 929, 931, 937, 938. Plaintiff was observed to have a normal gait throughout the next few months. R. at 84, 92, 944–45, 952–53, 984, 1000, 1035.

Although these examinations showed Plaintiff demonstrated a normal gait, medical notes in the record also indicate Plaintiff self-reported (or was observed) using a rollator walker at times. R. at 1038, 1041, 1051–52, 49, 98, 101, 1585. Yet, as the Magistrate Judge points out, the same records showed "relatively benign" findings on examination. R&R 9, ECF No. 24 (citing *id.*). Substantial evidence therefore supports the ALJ's decision that a rollator walker was not a necessary assistive device.

To the contrary, Plaintiff argues that the medical documentation established her need for a rollator walker. Obj. 2, ECF No. 25. But the citations Plaintiff points to on objection show only that she was observed or reported using a rollator walker at times—not that she needed one. R. at 682, 1415, 1420, 1427, 1586. And many of those same citations showed she displayed a normal

gait on examination. R. at 682, 1418, 1590. It is true that one doctor prescribed a rollator walker, R. at 963, but the prescription date is illegible, and Plaintiff does not point to any corresponding medical records that show the doctor believed it was necessary as opposed to prescribing it, for instance, for insurance purposes.

Plaintiff next argues it was inconsistent for the ALJ to find that Plaintiff's use of a cane justified requiring a cane as part of the RFC but to find Plaintiff's use of a rollator walker did not require a rollator walker as part of the RFC. Obj. 3, ECF No. 25.

Regardless of whether the ALJ's reasoning was inconsistent, any error in failing to include a rollator walker in the RFC was harmless. The Vocational Expert testified that Plaintiff could still perform jobs at the sedentary or light level even if Plaintiff required the use of a rollator walker to ambulate to and from the workstation. R. at 1147–48. It was only if Plaintiff required a rollator walker to also stand or balance that the non-disability finding *might* change. R. at 1150–51. Even then, the rollator walker would interfere with light jobs, but there would be sedentary jobs Plaintiff could perform. R. at 1151.

This distinction is important because the ALJ did not find that Plaintiff required *any* assistive device to stand or balance; rather, the ALJ determined Plaintiff needed an assistive device only to ambulate. See R. 1065. Plaintiff does not challenge that finding.[1] Thus, because the inclusion of a rollator walker

---

[1] Indeed, none of the record evidence Plaintiff cites supports the notion that Plaintiff used, let alone needed, a rollator walker for balance or to stand, as opposed to

for ambulation would not have changed the ultimate disability finding, any failure to include the rollator walker in the RFC was harmless error. See Scott v. Comm'r of Soc. Sec., No. 14-11500, 2015 WL 4634077, at *3 (E.D. Mich. July 6, 2015) ("Under these circumstances, any error by the ALJ in failing to include plaintiff's need to use a cane for walking and standing is harmless because the vocational expert specifically testified that a significant number of jobs in the light work category were available for a person with plaintiff's RFC as stated by the ALJ *and* who needed to use a cane for walking and standing."), adopted by 2015 WL 4633927.

Plaintiff's Statement of Specific Errors is **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

ambulate. See Obj. 3, ECF No. 25 (citing R. at 682 (PAGEID # 741), 963 (PAGEID # 1023), 1415 (PAGEID # 1481), 1427 (PAGEID # 1493), 1586 (PAGEID # 1652)).